JUSTICE REGINER
specially concurs.
¶97 I agree with the Court’s Opinion and write separately to respond to the special concurrence and dissent of Justice Nelson.
¶98 I agree with most of Justice Nelson’s analysis and conclusion that it is difficult to sustain the Public Duty Doctrine in light of Article II, Section 18, of the Montana Constitution which abolished sovereign *242 immunity in this state. I would not, however, in the case sub judice abolish the Public Duty Doctrine which has heretofore been judicially recognized in Montana.
¶99 The Massees have clearly asked us to abolish the doctrine, albeit in rather conclusory fashion in roughly one page of their opening brief with little argument as to the facts of this case. The Montana Sheriffs and Peace Officers Association filed an amicus brief wherein the Association presents a seemingly legitimate argument that we must preserve the Public Duty Doctrine, at least to the extent that law enforcement discretion in effecting arrests and addressing claims of domestic abuse is preserved. The Association urges that Montana statutes grant the discretion to arrest but do not mandate arrest.
¶100 In my judgment, the Association’s concern should be thoroughly examined and reviewed before this Court seriously considers abolishing the Public Duty Doctrine as it applies to discretionary arrests of law enforcement. The Massees’ reply brief does not address in complete fashion the concerns expressed by the Association. Since the abolishment of the Public Duty Doctrine is not critical to the outcome of this case, I would leave this discussion to another day.
JUSTICE COTTER joins in the foregoing special concurrence.